**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT WICHITA, KANSAS**

| | |
|---|---|
| ALAN PRINCE, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>WALMART, INC., )<br>)<br>Defendant. ) | Case No. |

**COMPLAINT**

Plaintiff, ALAN PRINCE, by and through counsel, William L. Barr, Jr. of Bull Attorneys, P.A., and for his claims against Defendant, WALMART, INC. (WALMART), alleges and states:

1. Plaintiff, ALAN PRINCE, is a citizen of Kansas.

2. This Court has proper venue and jurisdiction over the parties and subject matter.

3. Defendant, WALMART, INC. (WALMART), is a corporation incorporated under the laws of the State of Delaware and has its principal place of business in a State outside the State of Kansas. Defendant, WALMART, is a corporation that maintains and operates retail stores at locations both in Kansas and throughout the United States. It may be served in Kansas at the office of its registered resident agent, The Corporation Company, Inc. located at 112 SW 7th Street, Suite 3C, Topeka, Kansas 66603.

4. This action is brought pursuant to 28 U.S.C. Section 1332(a) on the basis of diversity of citizenship. The matter is in excess of the sum of Seventy-Five Thousand and no/100 Dollars ($75,000.00) exclusive of interest and costs.

5. Prior to and on September 28, 2020 Defendant, WALMART, was in the business of owning and operating retail discount stores in Kansas and throughout the United States.

1

6. Prior to and on September 28, 2020 Defendant, WALMART, owned, maintained and operated a WALMART Supercenter retail store numbered 370 which was open to the public at 2022 E. 16th Street in Wellington, KS, 67152.

7. On September 28, 2020 Plaintiff, ALAN PRINCE, was a business invitee in the above-mentioned store owned by Defendant, WALMART, and was at all times herein relevant in the exercise of reasonable care for his own safety.

8. Prior to and on September 28, 2020 the floor surface of the center aisle of Defendant, WALMART, at the above-mentioned store had been left wet with water by a robotic floor washing machine that was operating in the store aisles during customer hours.

9. Prior to and on September 28, 2020 at this location this robotic floor washing machine routinely left a trail of water on the floor of a customer shopping aisle in the middle of the store which caused the aisle's floor surface to become slippery and hazardous.

10. On September 28, 2020 Plaintiff, ALAN PRINCE, entered the above-mentioned shopping aisle of Defendant, WALMART, and did not notice the unmarked wet floor.

11. At the above-mentioned time and place, as he walked toward the check-out counter, Plaintiff, ALAN PRINCE, slipped and fell on the water that had been deposited in the shopping aisle by the robotic floor cleaner.

12. As a proximate result of his fall Plaintiff suffered serious and permanent injuries.

13. At the abovementioned time and place and at all times herein relevant, the actions and omissions of the employees, agents and independent contractors of Defendant, WALMART were the actions and omissions of Defendant, WALMART, both individually and under the doctrines of *Respondeat Superior* and Vicarious Liability and were negligent, careless, and wanton and include, but were not limited to:

    A. Creating a dangerous slip hazard by allowing water to be left in a store aisle;

    B. Allowing water from its robotic floor cleaner to be left on its aisle floor;

    C. Failing to monitor its robotic floor cleaner activity for excessive water usage;

    D. Failing to warn of dangerous slip hazards in an aisle of its store;

    E. Failing to monitor a robotic floor cleaner operating during customer hours;

    F. Failing to remove or mop up a trail of water left in a customer aisle;

    G. Failing to adjust its robotic floor cleaner to not leave a trail of water as it cleaned;

    H. Failing to mop or wipe up excess water left on the store's floor surface;

    I. Failing to inspect the floor surface of its customer aisle for dangerous slip hazards;

    J. Failing to place signage warning its customers of the wet condition of its floor; and

    K. Was negligent and wanton in the operation and maintenance of its robotic cleaner.

14. As a proximate result of the wanton, negligent actions and omissions of Defendant, WALMART, individually and by its employees, agents, independent contractors, and servants, plaintiff, ALAN PRINCE, suffered injuries to his ribs, the discs of his thoracic spine, lumbar spine, including a compression fracture at L-4, shoulders, knees, elbows, hips, brain, and was otherwise injured and damaged. Plaintiff, ALAN PRINCE, has undergone medical treatment including surgeries, CT scans, MRI studies, epidural shots, been damaged with pain and suffering, mental anguish, loss of time, loss of enjoyment of life, great medical expenses, economic loss, permanent disfigurement, and permanent disability. Plaintiff may also have aggravated pre-existing conditions. In the future, Plaintiff, ALAN PRINCE, will suffer with pain, mental anguish, lost time, loss of enjoyment of life, medical expenses, economic loss, permanent disfigurement and permanent disability.  For the aforementioned damages, Plaintiff, ALAN PRINCE, has been damaged in an amount in

excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

15. Plaintiff brings a claim for loss of consortium and loss of services suffered by his spouse.

WHEREFORE, Plaintiff, ALAN PRINCE, prays for judgment against Defendant, WALMART, INC., in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), for his damages, for his costs incurred in bringing this action, and for such other and further relief as the Court deems just and equitable.

**BULL ATTORNEYS, P.A.**

*/s/ William L. Barr, Jr.*
William L. Barr, Jr., # 26775
10111 E. 21st Street North, Suite 204
Wichita, Kansas 67206
Ph: 316-684-4400 /Fax: 316-684-4405
bill@bullattorneys.com
*Attorney for Plaintiff*

## DEMAND FOR PRETRIAL CONFERENCE AND JURY TRIAL

Plaintiff demands a pretrial conference and a trial by jury in this matter.

## DESIGNATION FOR PLACE OF TRIAL

Plaintiff designates Wichita, Kansas as the place for trial in this matter.

**BULL ATTORNEYS, P.A.**

*/s/ William L. Barr, Jr.*
William L. Barr, Jr., # 26775